```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

|                          |   |                                  |
|--------------------------|---|----------------------------------|
| UNITED STATES OF AMERICA | : |                                  |
|                          | : |                                  |
| v.                       | : | Criminal Case No. DKC 18-554     |
|                          |   | Civil Action No. DKC 20-1371     |
|                          | : |                                  |
| DAJUAN NATHANIEL STEWART |   |                                  |
|                          | : |                                  |

**MEMORANDUM OPINION**

Dajuan Nathaniel Stewart pled guilty on June 28, 2019, pursuant to a plea agreement under Fed.Crim.R. 11(c)(1)(C), to possession of a firearm by a prohibited person. He was sentenced on September 10, 2019, to 60 months in prison. He did not appeal. He filed a motion to vacate under 28 U.S.C. § 2255 through his attorney on June 10, 2020 (ECF No. 44) and another § 2255 motion, *pro se*, on June 29, 2020 (ECF No. 47), asserting error under *Rehaif v. United States*, 139 S.Ct. 2191 (2019).[1] He asserts that his guilty plea was not voluntary or intelligent and that he received ineffective assistance of counsel. (ECF No. 47). Mr. Stewart submitted a notice on January 21, 2022, dismissing the counselled § 2255 motion filed at ECF No. 44, but noting that he did not withdraw the claims in his § 2255 motion filed at ECF No. 47. The court approved Mr. Stewart's notice, dismissed the counselled § 2255 motion filed at ECF No. 44, and directed the government to

---

[1] The pro se motion is dated June 16, 2020, and the envelope is postmarked June 17, 2020.

respond to the remaining claims on January 24, 2022 (ECF No. 87). The Government responded on March 17, 2022, contending that the claims lack merit. (ECF No. 88). Mr. Stewart did not file a reply.

The Supreme Court decided *Rahaif* on June 21, 2019, a week before Mr. Stewart entered his guilty plea. At the outset of the plea proceeding, the Government acknowledged the need to address the issues generated by that decision, namely the charging language in the indictment and the facts necessary to support a conviction. Counsel for Mr. Stewart said that he didn't think the charging document needed to be changed as long as the factual statement hit all the requirements. Accordingly, during the colloquy with Mr. Stewart, the court advised him that the Government would have to prove not only that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, but that he knew that he had that type of previous conviction. He inquired as to how they would prove that fact and the court responded that there could be several ways, including proof that the defendant had been sentenced to more than one year. Government counsel then stated, as part of the factual basis for the plea, that Mr. Stewart had been sentenced in 2012 for possession with intent to distribute, receiving a ten-year sentence with nine and a half

2

years suspended. His probation was later revoked and he was sentenced to five years. Furthermore, he was sentenced to 18 months for another felony conviction.[2] Mr. Stewart agreed that those facts were true and that he was in fact guilty of the offense. Mr. Stewart consulted with counsel privately at several times during the plea hearing.

Mr. Stewart's motion proceeds on the incorrect assumption that his plea was entered prior to the *Rehaif* decision. He proffers that a question came up during sentencing about *Rehaif* and his attorney said that *Rehaif* did not apply to him. As stated above, the parties and the court were aware of *Rehaif* at the time of the plea (although the case was not mentioned by name), made sure that Mr. Stewart understood the change in the elements required by the new Supreme Court case, and included facts to meet the additional knowledge requirement. The issue was not even mentioned during the sentencing hearing.

Mr. Stewart did not appeal. If a claim was not raised on direct appeal, it may not be raised on collateral review unless the movant can demonstrate cause and prejudice, or actual innocence. To demonstrate cause and prejudice, a petitioner must

---

[2] The presentence report verifies those prior convictions.

3

show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982). Actual innocence means factual innocence, and not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-34 (1998).

Under the circumstances here, as will be explained, Mr. Stewart cannot overcome that hurdle.

In *Greer v. United States*, 141 S. Ct. 2090, 2100, 210 L. Ed. 2d 121 (2021), the Court held, as to cases on direct appeal:

> In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon. When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a "reasonable probability" that the outcome of the district court proceeding would have been different. Because *Greer* and *Gary* did not make any such argument or representation on appeal in these cases, they have not satisfied the plain-error test.

In the § 2255 context, this means that Mr. Stweart must demonstrate "actual prejudice" in order to pursue the claim:

> To demonstrate actual prejudice, he would need to show that, if the Court "had correctly advised him of the *mens rea* element of his

4

> offense, there is a reasonable probability that he would not have pled guilty." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). In assessing that probability, the Court presumes that Plater was aware of his status as felon. *See id.* (reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon"). Plater has not provided evidence that would tend to show he was unaware of his felon status at the time he possessed his firearm. *See, e.g.*, *United States v. Crawley*, No. CR JPJ 15-001, 2021 WL 2910724, at *3 (W.D. Va. July 12, 2021) (finding no actual prejudice from a *Rehaif* error where defendant failed to provide evidence negating knowledge of his status as a felon); *Rios v. United States*, No. CR FL 17-139-1, 2022 WL 256486, at *2 (E.D.N.C. Jan. 26, 2022) (same).

*United States v. Plater*, No. CR PJM 13-0622, 2022 WL 912396, at *3 (D. Md. Mar. 29, 2022).

Here, Mr. Stewart was advised of the *mens rea*, or knowledge, element and he did persist in his guilty plea. He had many prior convictions, including the two specifically mentioned during the plea colloquy. Additionally, the base offense level was determined to be 20 because he acknowledged sustaining at least two felony convictions for either a controlled substance offense and/or crime of violence. Given his criminal history, as in *Plater*, and the discussions that took place during the entry of his plea, he cannot demonstrate a reasonable probability that he would not have entered a guilty plea had he been informed of the Government's burden to prove knowledge of his prior conviction(s).

5

To establish ineffective assistance of counsel, Mr. Stewart must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from it. *Strickland*, 466 U.S. at 697. *Rehaif* was decided a mere week before his plea hearing, and, although the indictment and plea discussions took place earlier, the new decision did not affect the calculus for Mr. Stewart. Counsel and Mr. Stewart discussed the new knowledge requirement during pauses in the plea proceeding. The court made sure he understood and that there still was a factual basis for the plea. Mr. Stewart can show neither deficient performance nor prejudice.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

6

constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Upon review of the record, the court finds that Mr. Stewart does not satisfy the above standard. Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner. A separate order will follow.

April 28, 2022                                         /s/
                                           DEBORAH K. CHASANOW
                                           United States District Judge